TRINETTE G. KENT (State Bar No. 025180)
KENT LAW OFFICES
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@kentlawpc.com

Of Counsel to:
Michigan Consumer Credit Lawyers
22142 West Nine Mile Road
Southfield, MI 48033
Telephone: (248) 353-2882
Facsimile: (248) 353-4840

*Attorneys for Plaintiff,*
*David Barton,*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Barton, | Case No.: 2:16-cv-00655-ESW |
| Plaintiff, | Magistrate Judge: Eileen S. Willet |
| vs. | |
| Experian Information Solutions, Inc., an Ohio corporation, | **FIRST AMENDED COMPLAINT** |
| Equifax Information Services, LLC, a Georgia corporation, and | **JURY TRIAL DEMAND** |
| Gateway One Lending & Finance, LLC, a foreign L.L.C. | |
| Defendants. | |

1

NOW COME THE PLAINTIFF, DAVID BARTON, BY AND THROUGH COUNSEL, TRINETTE G. KENT, and for his First Amended Complaint against the Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"]).

## VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Scottsdale, Maricopa County, Arizona.

4. Venue is proper in the District of Arizona, Phoenix Division.

## PARTIES

5. The Defendants to this lawsuit are:

   a. Experian Information Solutions, Inc. ("Experian"), which is an Ohio company that maintains a registered agent in Maricopa County, Arizona;

   b. Gateway One Lending & Finance, LLC, ("Gateway One Lending"), which is a Delaware company that maintains a registered agent in Maricopa County, Arizona; and

2

   c. Equifax Information Services, LLC, ("Equifax") which is a Georgia corporation that maintains a registered agent in Maricopa County, Arizona.

## GENERAL ALLEGATIONS

6. Gateway One Lending is reporting its trade line with account number: 2014035058…. ("Errant Trade Line") with multiple charge offs on Plaintiff's Experian and Equifax credit files.

7. On or about January 31, 2016, Mr. Barton obtained his credit files and noticed the multiple charge offs on the Errant Trade Line.

8. The multiple charge offs convey to any user or prospective of Mr. Barton's credit reports that, not only did a charge off incur on a particular date, but for several months thereafter. These repetitive charge off notations are far more punitive and misleading than informative.

9. These multiple charge offs are inaccurate in that they inaccurately reflect the account as having been charged off multiple times.

10. On or about February 17, 2016, Mr. Barton submitted letters to Experian, and Equifax disputing the multiple charge offs on the Errant Trade Line.

11. Upon information and belief, Experian and Equifax transmitted Mr. Barton's consumer dispute to Gateway One Lending.

3

12. On or about February 22, 2016, Mr. Barton received a correspondence from Experian. The first correspondence stated that it already processed the dispute and pursuant to Section 611(a)(3)(A) of the FCRA, it would not reinvestigate the matter.

13. However, on or about this same date of February 22, 2016, Mr. Barton received Experian's investigation results which showed that Gateway One Lending retained the multiple charge offs on its Errant Trade Line.

14. On or about March 4, 2016, Mr. Barton received Equifax's investigation results which showed that Gateway One Lending retained the multiple charge offs on its Errant Trade Line.

15. Mr. Barton has never sent a dispute letter to the credit bureaus regarding this multiple charge off issue.

## COUNT I
### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GATEWAY ONE LENDING

16. Plaintiff realleges the above paragraphs as if recited verbatim.

17. After being informed by Experian and Equifax of Mr. Barton's consumer dispute of the multiple charge offs on the Errant Trade Line, Gateway One Lending negligently failed to conduct a proper investigation of Mr. Barton's dispute as required by 15 USC 1681s-2(b).

18. Gateway One Lending negligently failed to review all relevant information available to it and provided by Experian and Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b). Specifically, it failed to direct Experian and Equifax to remove the multiple charge offs on the Errant Trade Line.

19. The Errant Trade Line is inaccurate and creating a misleading impression on Mr. Barton's consumer credit files with Experian and Equifax to which it is reporting such trade line.

20. As a direct and proximate cause of Gateway One Lending's negligent failure to perform its duties under the FCRA, Mr. Barton has suffered damages, mental anguish, suffering, humiliation and embarrassment.

21. Gateway One Lending is liable to Mr. Barton by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

22. Mr. Barton has a private right of action to assert claims against Gateway One Lending arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Gateway One Lending for damages, costs, interest and attorneys' fees.

5

## COUNT II

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY GATEWAY ONE LENDING

23. Plaintiff realleges the above paragraphs as if recited verbatim.

24. After being informed by Experian and Equifax that Mr. Barton disputed the accuracy of the information it was providing, Gateway One Lending willfully failed to conduct a proper reinvestigation of Mr. Barton's dispute.

25. Gateway One Lending willfully failed to review all relevant information available to it and provided by Experian and Equifax as required by 15 USC 1681s-2(b).

26. As a direct and proximate cause of Gateway One Lending's willful failure to perform its duties under the FCRA, Mr. Barton has suffered damages, mental anguish, suffering, humiliation and embarrassment.

27. Gateway One Lending is liable to Mr. Barton for either statutory damages or actual damages he has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and he may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against the Defendant Gateway One Lending for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT III

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

28. Plaintiff realleges the above paragraphs as if recited verbatim.

29. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Barton as that term is defined in 15 USC 1681a.

30. Such reports contained information about Mr. Barton that was false, misleading, and inaccurate.

31. Experian negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Barton, in violation of 15 USC 1681e(b).

32. After receiving Mr. Barton's consumer dispute to the Errant Trade Line, Experian negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

33. As a direct and proximate cause of Experian's negligent failure to perform its duties under the FCRA, Mr. Barton has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

7

34. Experian is liable to Mr. Barton by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EXPERIAN

35. Plaintiff realleges the above paragraphs as if recited verbatim.

36. Defendant Experian prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Barton as that term is defined in 15 USC 1681a.

37. Such reports contained information about Mr. Barton that was false, misleading, and inaccurate.

38. Experian willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Barton, in violation of 15 USC 1681e(b).

39. After receiving Mr. Barton's consumer dispute to the Errant Trade Line, Experian willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

40. As a direct and proximate cause of Experian's willful failure to perform its duties under the FCRA, Mr. Barton has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

41. Experian is liable to Mr. Barton by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Experian for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

### COUNT V

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

42. Plaintiff realleges the above paragraphs as if recited verbatim.

43. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Barton as that term is defined in 15 USC 1681a.

44. Such reports contained information about Mr. Barton that was false, misleading, and inaccurate.

45. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Mr. Barton, in violation of 15 USC 1681e(b).

46. After receiving Mr. Barton's consumer dispute to the Errant Trade Line, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

47. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Mr. Barton has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

48. Equifax is liable to Mr. Barton by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT VI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

49. Plaintiff realleges the above paragraphs as if recited verbatim.

50. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Mr. Barton as that term is defined in 15 USC 1681a.

51. Such reports contained information about Mr. Barton that was false, misleading, and inaccurate.

52. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Mr. Barton, in violation of 15 USC 1681e(b).

53. After receiving Mr. Barton's consumer dispute to the Errant Trade Line, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

54. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Mr. Barton has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

55. Equifax is liable to Mr. Barton by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with his reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant him a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: March 10, 2016

                                  KENT LAW OFFICES


                          By: */s/ Trinette G. Kent*
                             Trinette G. Kent
                             Attorneys for Plaintiffs,
                             David Barton